JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our File : 09-W-004-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RLI CORP. (MARINE) a/s/o Metropolitan Manufacturing, Inc.,

                Plaintiff,

- against -

M.R. TRADERS (PVT) LIMITED and AMERICAN CARGO EXPRESS, INC.,

                Defendants.
------------------------------------------------------------x

ECF CASE

09 Civ.      (   )

**COMPLAINT**

Plaintiff, RLI CORP. (MARINE), by its attorneys, Badiak & Will, LLP, alleges on information and belief as follows:

    1. All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    2. At all times material hereto, plaintiff RLI CORP. (MARINE), (hereinafter "RLI"), was and is a corporation organized and existing under and by virtue of the laws of on of the states of the United States and provided all-risk ocean marine cargo insurance for the subject shipments hereinafter described, and maintained an office and place of business c/o W K Webster (Overseas) Ltd., 80 Maiden Lane, New York, New York, 10038 and at 1384 Broadway, 21st Floor, New York, New York 10018.

3. Plaintiff, RLI, has paid the consignee and owner of the shipments mentioned hereinafter pursuant to the marine cargo insurance policies herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipments.

4. Defendant M. R. TRADERS (PVT) LIMITED, (hereinafter "M. R. TRADERS"), is a corporation or other business entity organized and existing under and by virtue of the law of a foreign state, with an office and place of business at Suite # 1208-1210, 12th Floor, Chapal Plaza, Hasrat Mohani Road, Off I.I. Chundrigar Road, Karachi - 74000, Pakistan, and c/o American Cargo Express, Inc., 435 Division Street, Elizabeth, New Jersey 07201, and at all material times was and now is engaged in business as a common carrier of merchandise by water for hire and owned, chartered, managed and/or otherwise controlled the M.V. NYK COSMOS as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Karachi and New York.

5. Defendant, AMERICAN CARGO EXPRESS (hereinafter referred to as "ACE"), at all times herein alleged was and is a corporation or other business entity duly organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 435 Division Street, Elizabeth, New Jersey, and at all times material hereto was

and now is engaged in business as a warehouseman, container freight station and delivery agent for shipments being imported into and out of the Port of New York

6. At all material times defendant M.R. TRADERS retained and contracted with defendant ACE to receive, handle, store and load cargoes for defendant M.R. TRADERS' shipments that were being imported into and out of the Port of New York.

7. On or about December August 22, 2008, at Karachi, Pakistan, the port of loading, there was shipped by B.K. Textile, as shipper, and delivered to M.R. TRADERS and the M.V. NYK COSMOS, as common carriers, a shipment consisting of 289 cartons of cotton knitted jersey ladies pajama sets and 3 pack tees, then being in good order and condition, and the defendant M.R. TRADERS and the aforementioned vessel then and there accepted the said shipment so shipped and delivered to them, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to containerize said shipment into ocean shipping container GATU855206-8 and to thereupon transport and carry the said shipment to New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Metropolitan Manufacturing, Inc., the consignee and plaintiff's assured, all in accordance with a bill of lading issued by M.R. TRADERS and the aforementioned vessel numbered MC-904-007-NYK and dated on or about August 22, 2008.

8. Thereafter the said vessel arrived at the port of New York, where the defendant M.R. TRADERS' delivery agent and container freight station, ACE, took delivery of the ocean shipping container to unload the shipment from the aforementioned ocean shipping container and make delivery of the aforementioned shipment to plaintiff's assured, Metropolitan Manufacturing,

Inc., on behalf of the defendant M.R. TRADERS in accordance with the aforementioned contract of carriage and bill of lading, but the shipment was not delivered in the same good, order and condition as when shipped, delivered to and received by M.R. TRADERS and ACE, but, on the contrary, with shortages, pilferage and impaired in value, all in violation of defendants M.R. TRADERS' and ACE's obligations and duties as a common carrier of merchandise by water for hire, container freight station and bailee.

9. By reason of the premises, plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $60,596.65.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District then all their property within this District be attached in the sum of $60,596.65, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment may be entered in favor of plaintiff RLI CORP (MARINE) and against defendants, M.R. TRADERS (PVT) LIMITED and AMERICAN CARGO EXPRESS, INC., jointly and severally, for the total amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: Mineola, New York
       September 16, 2009

                              BADIAK & WILL, LLP
                              Attorneys for Plaintiff

                     By: _____
                               JAMES P. KRAUZLIS (JK 4972)

- 5 -